MICHAEL J. LEONARD

*v.*

STATE OF ILLINOIS.

*Opinion filed March 8, 1923.*

GOVERNMENTAL FUNCTION—*Jackson* v. *State, Supra, followed.* Thus claim is similar to that of *Jackson* v. *State, Supra,* and the decision of the Court there announced governs this claim.

Edward J. Brundage, Attorney General, for State.

The claimant, Michael J. Leonard, was an employee of the State of Illinois as a guard or keeper at the penitentiary at Joliet on the 1st day of February, 1919, and he alleges that while he was in the discharge of his duties he was attacked by two convicts who struck the claimant over the head, arms and body with two certain chair legs, bruising his head and cutting gashes along across the top of the head. As a result he further alleges was unable to work for about two weeks and underwent great pain and suffering. To the petition of the claimant the Attorney General in behalf of the State of Illinois, has filed a demurrer, a general and special, setting forth that the doctrine of *respondeat superior* is not applicable to the State, etc.

It is the opinion of this Court as it has been held repeatedly that there is no legal liability on the part of the State in these classes of cases. It appears from the evidence that the claimant was laid up for two weeks on account of the assault. There is no evidence to indicate that he was at any loss on account of medical or hospital services, or that he was damaged by loss of salary or wages. It further appears that this assault occurred about four years before the claim was filed and it would seem that this claimant should have brought forth his claim before that much time had elapsed.

It is the opinion of this Court that this is not a case in view of all the facts and circumstances, particularly in view of the extent that the claimant was injured; that this is a case where the principle of equity and social justice should be considered.

It is therefore considered by this Court that no allowance be recommended in this case and that the demurrer of the defendant be and the same is hereby sustained.